```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

ROBERT G. BOLLMAN, JR.,     )
                            )
Petitioner,                 )
                            )
vs.                         )    CAUSE NO. 3:16-CV-293
                            )
SUPERINTENDENT,             )
                            )
Respondent.                 )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Robert G. Bollman, Jr., on May 12, 2016. For the reasons set forth below, the petition (DE 1) is **DENIED WITHOUT PREJUDICE**.

DISCUSSION

Robert G. Bollman, Jr., a *pro se* prisoner, filed a habeas corpus petition attempting to have his parole revocation vacated. He argues that he was not given due process during the course of the hearing. However, before a petitioner can challenge a State proceeding, he must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) and *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004). Here, Bollman says that he has not presented either of his claims to any State court in any proceeding. Therefore he has not exhausted his State court remedies and this habeas corpus petition must be dismissed without prejudice. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to this court and file a new habeas corpus petition.

CONCLUSION

For the reasons set forth above, the petition (DE 1) is **DENIED WITHOUT PREJUDICE.**


DATED: May 23, 2016                /s/RUDY LOZANO, Judge
                                   **United State District Court**